## J. J. SMITH v. R. E. KALE.

1—An appeal to the District Court from a judgment rendered by the County Court (as organized under the constitution of 1866) did not vacate the lien of the judgment on lands of the defendant situated in the county where the judgment was rendered.

APPEAL from Denton. Tried below before the Hon. Hardin Hart.

The appellant and appellee were both judgment creditors of one Mays, and the present was a contest between them for money realized by the sheriff from the sale of real estate in the town of Denton, belonging to Mays.

Kale recovered judgment against Mays for $208, on the 6th of August, 1867, in the County Court of Denton county, exercising the civil jurisdiction conferred on County Courts by the act of 1866, and contemplated in the constitution of that year. Mays took an appeal from the judgment to the District Court, as allowed by the act, and on the case as appealed Kale recovered judgment in the District Court, on the 16th of October, 1868.

Smith attached Mays' property on the 19th of June, 1868, and as part of it the real estate out of which the money in controversy was subsequently realized by the sheriff. He recovered judgment on his attachment suit on the 16th of October, 1868, in the District Court of Denton county.

The question presented, therefore, was whether Kale, by virtue of his judgment in the County Court, still had a lien on the real estate. If so, his lien was older than Smith's, which originated in the attachment. But if the appeal from Kale's judgment in the County Court extinguished the lien of that judgment, then Smith's attachment lien became entitled to priority.

The court below decided in favor of Kale, and Smith appealed.

The civil jurisdiction of the County Court, out of which this case arose, has been abrogated by the constitution of 1869; but as property may still be affected by the liens of similar judgments to this, and as the case is ably presented on both sides, it is deemed well to insert the most material portions of the briefs of counsel.

*Throckmorton & Brown* and *W. M. Walton*, for the appellant.—What effect did the appeal from the County Court have upon the judgment rendered therein on the 6th of August, 1867? Was the judgment thereby opened? Or did it continue to exist, retaining all the elements of a judgment, until a contrary judgment should be rendered in the District Court? Or, when the appeal was perfected, did the judgment of the County Court lose the distinctive features of a judgment that could be enforced, and the rights of the parties depend on the result of the trial *de novo* in the District Court?

In case of *certiorari* from a magistrate's court, the judgment of the justice is vacated, and, on a dismissal of the case in the District Court, is not revived save in the single instance where the writ of *certiorari* is quashed for the want of some essential, in form or substance, demanded by the law. (Miller v. Holtz, 23 Texas, 140.)

On appeal from the County Court, or *certiorari* from a magistrate's court, the case becomes a new suit between the parties, to be tried *de novo* in the District Court (see the case before cited), subject, of course, to the limitations and restrictions of the law. (See § 24 of the act first cited.)

If the appeal be taken, and the case is dismissed from the docket of the District Court for want of prosecution, or if, from any cause, the plaintiff fails to make out his case, the judgment of the lower court will not thereby be revived. If so, to go through the forms of trial in the District Court would be to enact a solemn farce.

The distinctive feature of appeals from the County to the District Court must be borne in mind, viz: That it does not

bring up the *judgment* of the lower court for revision, but brings up the *case* for a new trial.

The appeal from the County to the District Court can not be assimilated to an appeal from the District to the Supreme Court. In the one case there is a trial *de novo*—the judgment of the lower court, by analogy, becomes vacated, and the judgment creditor must look to the soundness of the sureties on the appeal bond for the security of his debt. In the other case there is a revision of errors; the judgment of the lower court continues *intact* until errors are found and the judgment reversed, and the judgment creditor has all the advantages of a valid judgment to secure the payment of his debt.

The whole question is in a nut-shell. The appeal from the County Court either does or does not vacate the judgment. If the appeal is taken according to the forms of law, and the jurisdiction of the District Court attaches, can any action thereafter be had in the County Court which looks toward the execution of its judgment? Certainly not. When the appeal is perfected and the case in the District Court beyond the reach of any motion to dismiss it, the County Court is, then and forever afterwards, shut off from any action whatever in relation to the judgment, and the parties to the suit must stand or fall as they succeed or fail in the District Court. If this be true, then we submit that the lien raised by the rendition of the judgment of the County Court stands or falls with the judgment; or, in other words, that the lien can not live when the judgment creating it is dead.

In this case the lien of Kale, the appellee, was created by the judgment of the County Court, of date 6th of August, 1867, and, under our construction of the law, was dissipated by the perfected appeal, on the 15th of the same month. It was not again created till the rendition of the judgment in the District Court, 16th of October, 1868.

The lien of Smith, the appellant, attached 20th of June, 1868, when the attachment was levied, and continued in that

form as a subsisting lien, until merged into the judgment lien, 16th of October, 1868.

Smith having the prior lien, is entitled to the proceeds of sale to the exclusion of Kale's junior lien. The ruling of the court awarding the sale money to Kale, was error.

*J. A. Carroll,* for the appellee.—It will not be disputed that the appellee, Kale, had a lien upon all the real estate of Mays, situated in Denton county, upon the rendition of the judgment in the County Court.

Did the filing of the appeal bond affect that lien? The judgment lien is one of the highest classes of security known to the law, and we do not think that the law will compel the appellee to release that security and accept other or personal security, of the sufficiency or solvency of which he is not permitted to judge before acceptance. We therefore maintain that the appeal bond was only cumulative security. Upon the rendition of the judgment in the County Court, Kale was content, he had security for his debt. Mays sought still further to delay the collection of it. Will the law weaken Kale's securities, and place it in the power of Mays to dispose of all his property, or permit less diligent creditors to come in and take it all, after compelling him, Kale, to release a lien which was the legitimate fruits of his diligence, and accept security which may be wholly worthless? After the rendition of the judgment in the County Court and the filing of the appeal bond, had Mays sold the lots mentioned for a valuable consideration, would his vendee be held an innocent purchaser? We think not. Surely Smith cannot be in any better condition with his attachment.

We further submit to the court, that the appeal bond had the force and effect of a judgment; and, upon the rendition of judgment in the District Court upon the appeal, that it became a lien upon all the landed estate of the obligors upon the bond, from the date of the filing of the bond. (Hart v. Russell, decided at Tyler term, 1869.)

The question presented in this case is a new one, growing out of the creation of the County Court, and we have been unable to find any law bearing directly upon the point; but we think the principles of law laid down by this court as governing appeals from the District Court should apply; and we, therefore, ask that the judgment of the court be affirmed.

WALKER, J.—The only question for the court in this case is : Does an appeal from a judgment rendered in the County Court vacate the lien secured by the judgment creditor, on the real estate of the judgment debtor, situated in the county where judgment is rendered? We think not.

Judgment affirmed.