F. J. Semple, Receiver, v. C. P. Eubanks et al.

Delivered April 8, 1896.

1. **Abstract of Judgment—Indexing.**

The law is complied with if an abstract of judgment is properly indexed on the direct side; and a reverse indexing is not fatally defective when the names of the members of a firm are correctly entered, though the firm name is not.

2. **Same—Effect of Appeal.**

The prosecution of an appeal with supersedeas does not destroy the effect of an abstract of judgment entered pending the appeal, but merely suspends the issuance of process.

**3.  Same—Execution Within One Year not Required, When.**

If it is not legally within the power of the plaintiff in a judgment to have execution issued within the year limited by Sayles' Civil Statutes, art. 3160, first on account a pending appeal and afterwards on account of a restraining injunction, he cannot be said to have failed to have issued one, and his lien is not lost.

**4.  Execution Not Required When it Cannot be Levied.**

When there are legal obstacles to the levying of an execution, the law cannot attach any force to the matter of its issuance, and will not require it.

**5.  Judgment Lien—Unsold Lands First Subjected—Receiver.**

A purchaser of a portion of certain lands subject to a judgment lien is entitled to have the lands remaining in the hands of a subsequently appointed receiver of his vendor first subjected to the satisfaction of the lien.

ERROR from Dallas.   Tried below before Hon. EDWARD GRAY.

*Dickson & Moroney*, for plaintiff in error.

*Harris & Knight*, for defendants in error Eubanks et al., and *W. T. Henry*, for defendant in error and intervenor Lindsey.—1.   The fact that an appeal with supersedeas is prosecuted from a judgment does not prevent the judgment creditor from securing a lien on the lands of the judgment debtor by complying with the statutes in relation to filing, recording and indexing abstracts of judgment.   Woodson v. Collins, 56 Texas, 168; Gruner v. Westin, 66 Texas, 209; Thulmeyer v. Jones, 37 Texas, 571; Smith v. Kale, 32 Texas, 290; Black on Judgments, secs. 471 to 473; Thompson v. Griffin, 69 Texas, 139; Railway v. Jackson Bros., 85 Texas, 605.

2.   The lien of a judgment is not lost by a failure to sue out an execution within a year, when the law forbids the issuance of such execution.   Sessums v. Botts, 34 Texas, 335; Cravens v. Wilson, 48 Texas, 321-338; Cravens v. Wilson, 35 Texas, 52-55; Russell v. Railway, 68 Texas, 651; Railway v. Lewis, 81 Texas, 1; Black on Judgments, sec. 440; Miller v. Rodgers, 49 Texas, 398; Rippetoe v. Dwyer, 49 Texas 498.

3.   The judgment of Darby and Cauthen was properly indexed.   Gin Co. v. Oliver, 78 Texas, 182; Burnett v. Cockshatt, 2 Texas Civ. App., 304.

JAMES, CHIEF JUSTICE.—Two judgments were obtained against the Llano Improvement & Furnace Company, a corporation, one in favor of C. P. Eubanks, for $287.57, and one in favor of W. P. Darby and T. L. Cauthen, composing the firm of Darby & Cauthen, on November 3, 1891.   The corporation immediately appealed, giving supersedeas bonds, and the judgments were affirmed on November 1, 1893.   On November 25, 1891, after the supersedeas appeals were perfected, abstracts of the judgments were duly entered and indexed in Llano County, except that in the reverse index to the Darby & Cauthen judgment the names of plaintiffs appear thus: "W. P. Darby and T. L. Cauthen, composing the firm of Teague & Ottens."   On March 16,

May 27 and May 28, 1892, the corporation conveyed by general warranty deeds certain lots in the town of Llano, in Llano County, to Lindsey, some of which he disposed of by warranty deeds. On July 20, 1893, in a suit against the corporation, its property was placed in the hands of a receiver (appellant). The sureties on the supersedeas bonds were insolvent when the judgments were affirmed. The mandates reached the District Court on or about May 4, 1894, and no executions were ever issued on the judgments.

Upon this state of facts, plaintiffs in the judgments being about to have executions levied on the property that had been conveyed to Lindsey (claiming to have judgment liens on the real property of the corporation, the other lands being in custodia legis) , Lindsey intervened in the cause in which the receiver was appointed, making Eubanks and Darby & Cauthen parties, and asked, upon proper pleadings, that should it appear that said judgments were liens, then that the receiver be directed to satisfy them first out of the lands in his hands, on the principle that as to him these were primarily liable. Upon the hearing, a decree was rendered establishing the existence of the judgment liens, and granting the relief asked. The receiver, from a sense of duty towards the estate in his hands, has taken this writ of error.

The alleged defect in the indexing of the judgment record was immaterial. As this defect existed only in the reverse index, it would appear that in the direct index the law was complied with, which was sufficient, as our statute does not require a reverse index. Blum v. Keyser, 28 S. W. Rep., 561. Besides, the plaintiffs in the judgment were the individuals, not the firm, and it was only necessary to give their names, and their names were correctly given. The error in the name of the firm was unimportant.

The judgments being entered in due form to become liens, the next question is the effect of the supersedeas upon the liens claimed. It is claimed that the supersedeas destroyed the vitality of the judgments, pending the appeal, to support a lien; also that, if such were not the case, still there would be no lien here, because no execution was issued within one year after the judgments, or one year after the affirmance of the judgments. Plaintiff in error also assigns as error the giving precedence to the claim of Lindsey in respect to the lands in his custody.

We conclude that an appeal with supersedeas does not destroy the force of the judgment pending the appeal, but merely suspends its execution, and it does not preclude plaintiff from taking the necessary steps and securing a judgment lien; or if he has taken such steps before supersedeas, it does not destroy their effect, in the event of affirmance. The case cited by appellant—Campbell v. Spence (Ala.), 39 Am. Dec., 301—holds that such appeal discharges the lien of the judgment. The reason given in that case is that the judgment of the inferior court becomes merged in the judgment on appeal; but it is there stated that, where the judgment is merely suspended, no such consequence follows. When we look to the decisions of this State we find them consistent only

with the idea that the judgment is merely suspended in reference to process. In fact, this is the rule declared. Gruner v. Westin, 66 Texas, 209; Smith v. Kale, 32 Texas, 290; Thulemeyer v. Jones, 37 Texas, 571; Woodson v. Douglas, 56 Texas, 168; Railway v. Jackson, 85 Texas, 607. In the last mentioned case it is stated: "There can be no doubt that a person who has obtained a judgment afterwards affirmed on appeal is entitled to all the benefits that would have resulted from it had there been no appeal, for the affirmance gives effect to the original judgment." See, also, Freeman on Judgments, sec. 382.

Upon what is decided in the above cases, we think that the original judgment, after its affirmance, is to be regarded as if there had been no appeal, except that we must recognize the consequences of a denial of process on the judgment during that period. Therefore, when steps have been taken to secure a lien on the judgment during the pendency of the appeal, they must be given force upon affirmance. A judgment lien is given to a party who has caused an abstract thereof to be entered and indexed in a certain manner, and nothing further is required to give the lien for one year from its rendition; but to continue it for a longer time, execution must issue within the year. The recording and indexing of the abstracts of the judgments in question took place during the month in which the judgments were rendered; and the question next to be considered is the effect of the non-issuance of execution during the year, the denial of such process by supersedeas having continued in this case for two years.

Our previous statute relative to judgment liens did not require the registering of an abstract. The judgment was a lien from its date on the defendant's lands in the county, and became a lien on his land in other counties upon recording a transcript of the judgment in those counties; provided, that the lien became inoperative if execution was not issued within a year from the first day that execution could issue. 2 Paschal's Digest, art. 7005. This was construed to mean that, if there were no legal obstacle to the issuance of an execution during the year, the failure to issue one would render the lien inoperative. Gruner v. Westin, 66 Texas, 213. By the same reasoning we must conclude, in respect to Sayles' Statutes, art. 3160, that if it was not legally within the power of the plaintiff to have an execution within the year, he cannot be said to have failed to issue one, and the lien would continue after the year if he had observed the requirements of the statute in recording the abstract, as was done in this instance.

It is shown here that upon the filing of the mandate executions were about to be levied on the lands that had been sold to Lindsey by the corporation after the recording and indexing of the abstracts, when Lindsey intervened in the receivership case for the purpose as above stated, making the judgment creditors parties. From the decree it is seen that the court was asked to restrain the levy of the executions upon the lands Lindsey had bought. Within how long a time, in such a case, after the mandate is returned a judgment creditor should sue out

execution, in order to preserve the lien, is a question we are not called on to decide. Here he was unable to have execution against the lands in the hands of the receiver, the same being in custodia legis, and there was in the present proceeding a legal obstacle to levying an execution against the lands sold to Lindsey.

It is contended that an execution might have been issued after affirmance, although it could not have been levied against the property. The law will not attach any value or force to the issuance of an execution, which cannot legally be levied. The statute evidently contemplated the issuance of a writ which could be made available in some manner in the enforcement of the judgment. The judgments here were against a corporation all of the assets of which were in custodia legis; and those certain lands that had been sold to Lindsey, and did not pass to the receiver, the right to levy thereon for these judgments was the issue involved in this proceeding. The real issue was whether or not the lien existed, for upon that the right to levy depended, and the rights of the parties should be adjudicated with reference to the time this proceeding was instituted, and it appears that it was begun immediately upon the filing of the mandate. Under these circumstances, we hold that there had been in contemplation of law no failure to issue executions when the existence of the lien was brought into question between the parties; that the lien then existed, and was not defeated or affected by failure to sue out executions that would have been useless pending the determination of the question, and which doubtless would have been restrained if a levy had been attempted. We are not informed whether or not a provisional injunction was obtained, but as the decree grants an injunction, we must presume that one was prayed for in the bill filed by Lindsey. The case was submitted on an agreed statement and the record does not contain the pleadings. The determination of the lien and the right to a levy of execution upon this land being the purpose of the suit and the bill praying for an injunction against the levy, we consider that a failure to merely place an execution in the hands of the sheriff pending the proceeding can have no effect on the question of lien.

The lien existing, upon the sale of a portion of the lands subject to the lien of Lindsey, the latter was in equity entitled to have the lands that remained in its hands or in the hands of its receiver first subjected to the satisfaction of the lien. This created a charge upon those lands in favor of Lindsey, and the court did not err in providing for the discharge of the lien, so far as practicable, out of those lands.

It is our opinion that the judgment should be affirmed.

*Affirmed.*