**ROMAN v. GOLDBERG et al.   (No. 673.)**

Court of Civil Appeals of Texas. Waco. May 17, 1928.

Rehearing Denied June 21, 1928.

Appeal and error ⬅⮞492—Plaintiff recording abstract of judgment from which defendant appealed and gave supersedeas bond held not liable for damages (Rev. St. 1925, arts. 2255, 2275, 3770, 3772, 5447, 5448).

Under Rev. St. 1925, arts. 2255, 2275, 3770, 3772, 5447, 5448, plaintiff, securing an abstract of judgment from which defendant had appealed and given supersedeas bond, and causing it to be recorded, held not liable for damages suffered by defendant by reason of judgment being recorded.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Action by R. D. Roman against B. R. Goldberg and others. Judgment of dismissal, and plaintiff appeals. Affirmed.

See, also, 3 S.W.(2d) 482.

S. J. T. Smith, of Waco, for appellant.
Tirey & Tirey, of Waco, for appellees.

BARCUS, J. On May 30, 1927, appellees obtained a judgment in the county court against appellant for $200, from which he appealed, giving a supersedeas bond. On July 20, 1927, appellees obtained and had recorded an abstract of said judgment. On August 9, 1927, appellant placed in escrow $240 for said purpose and obtained from appellees a release of the judgment lien. Appellant filed this suit for damages which he claims to have suffered by reason of the abstract of judgment being recorded. The trial court sustained a general demurrer to appellant's petition and dismissed the suit. The only question for determination is whether a plaintiff who causes an abstract of a judgment from which the defendant has appealed and given a supersedeas bond is liable for damages suffered by the defendant by reason of the judgment having been recorded in the judgment records.

Article 3770 of the Revised Statutes provides that an execution may issue on a judgment at any time after the court adjourns. Articles 2275 and 3772 of the Revised Statutes provide that if the defendant appeals and gives a supersedeas bond, the execution of the judgment shall be stayed and that no execution shall issue pending the appeal. Article 5447 provides that the clerk of the court shall, upon request of the party in whose favor the judgment was rendered, give him an abstract thereof. Article 5448 provides that the county clerk shall, when the abstract of judgment is delivered to him, promptly record and index same. In construing article 2255 of the Revised Statutes, the courts have uniformly held that the date of the judgment is the day when same was rendered, and not the date when the motion for new trial was overruled. St. L., S. F. Ry. Co. v. Stapp (Tex. Civ. App.) 171 S. W. 1080; Cooper v. Yoakum, 91 Tex. 391, 43 S. W. 871; Pope v. Wedgeworth (Tex. Com. App.) 221 S. W. 950; Williams v. Knight Realty Co. (Tex. Civ. App.) 217 S. W. 755. If the judgment dates from its rendition, then the party in whose favor same is rendered could, under articles 5447 and 5448, obtain an abstract thereof and have same recorded before the motion for new trial was acted upon. Appellant's contention is that by his having filed the supersedeas bond, appellees were not entitled to take any steps looking toward the collection of the judgment or fixing a lien on any property. This question, we think, has been decided adversely to appellant's contention. Semple v. Eubanks, 13 Tex. Civ.

App. 418, 35 S. W. 509; Smith v. Kale, 32 Tex. 290; Thulemeyer v. Jones, 37 Tex. 560. In the case of Semple v. Eubanks, supra, the court stated:

"We conclude that an appeal with supersedeas does not destroy the force of the judgment pending the appeal, but merely suspends its execution, and it does not preclude plaintiff from taking the necessary steps, and securing a judgment lien; or, if he has taken such steps before supersedeas, it does not destroy their effect in the event of affirmance. * * * When we look to the decisions of this state, we find them consistent only with the idea that the judgment is merely suspended in reference to process."

Under the provisions of the various statutes herein referred to, we do not think a judgment creditor is prohibited by law, pending appeal on supersedeas bond, from obtaining and having recorded an abstract of the judgment in order to fix a lien on any property that the judgment debtor may own. The only thing which the statutes prohibit where a supersedeas bond is given is that the execution must be stayed pending the appeal. Appellees, having the statutory right to obtain an abstract of the judgment and have same recorded pending the appeal, would not be liable for any damages that might be occasioned by reason of a lien being thereby created on the property of appellant.

We have examined appellant's assignments of error, and same are overruled. The judgment of the trial court is affirmed.