**In re Foy Haskell DAWKINS and Mary Lorena Dawkins, Debtors.**

**Foy Haskell DAWKINS and Mary Lorena Dawkins, Plaintiffs,**

v.

**Jody FENSLAGE, Defendant.**

Bankruptcy No. 281–00013.
Adv. No. 281–0013.

United States Bankruptcy Court, N. D. Texas, Amarillo Division.

May 1, 1981.

E. Byron Singleton, Amarillo, Tex., for debtors.

Cary Schachter, Amarillo, Tex., for plaintiffs.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

The debtors, Foy Haskell Dawkins and Mary Lorena Dawkins, had instituted these proceedings in the 47th Judicial District Court of Armstrong County, Texas, seeking to avoid a Marshal's deed to a tract of real estate to their former daughter-in-law, Jody Fenslage. They allege that the subject real estate was their homestead and was therefore not subject to levy by the United States Marshal under a judgment against them obtained by Jody Fenslage. After the proceedings were filed in the state court the debtors filed petition for order for relief under Chapter 11 of Title 11, United States Code. Jody Fenslage timely removed these proceedings to the bankruptcy court.

Trial of the issues was conducted by the court sitting without a jury on March 31, 1981. The following factual summary, which was derived from admissions in the pleadings and from the evidence adduced at trial, constitute the findings of fact contemplated by Rules of Bankruptcy Procedure, Rule 752.

The debtors, Foy Haskell Dawkins and Mary Lorena Dawkins, are the parents of Jesse Arnold Dawkins, Donald Ray Dawkins (the former husband of Jody Dawkins Fenslage) and Anita Foy Bedkey. Jody Fenslage and Donald Ray Dawkins were divorced in 1975. The divorce decree awarded custody of two minor children of the marriage to Jody Fenslage, the mother. During the summer of 1976, while Jody Fenslage was residing in Arizona, the children visited their father at his home in Texas. Instead of returning the children to the custody of their mother at summer's end Donald Ray Dawkins fled to Canada with the children.

Jody Fenslage filed diversity action in CA2–76–126 in the United States District Court for the Northern District of Texas at Amarillo against her former husband, his parents and other of his relatives, alleging that they conspired to take and conceal her children and that they intentionally inflicted mental anguish upon her. After trial the jury found that certain of the defendants had committed the acts as charged and awarded both compensatory damages and punitive damages against the individual defendants. The district judge entered judgment against the debtors, Foy Haskell Dawkins and Mary Lorena Dawkins, in the

sum of $80,000.00 ($65,000.00 compensatory and $15,000.00 punitive damages), jointly and severally, with interest at the rate of 9% per annum, which was filed by the clerk on August 17, 1978.

On that same date of August 17, 1978, the district clerk issued abstracts of the judgment which Jody Fenslage immediately recorded that same day in the Judgment Records of Armstrong County, Texas. The effect of the recording of the abstracts was to impress a judgment lien against all of the non-exempt real estate owned by the debtors in Armstrong County, Texas.

On August 17, 1978, when the abstracts of judgment were recorded, the debtors owned three tracts of real estate in Armstrong County, Texas—a residence at 404 Wilson Street in Claude, Texas, which they had occupied and claimed as their urban homestead since 1975, another tract of real estate on Hermosa Street in Claude, Texas, upon which they had earlier expressed an intention to build a residential homestead, and the subject half section (324 acres, more or less) of ranch land in a rural area of the county. Nine days later, on August 26, 1978, the debtors conveyed the residence at 404 Wilson Street in Claude, Texas, (which until that date they had claimed as residential homestead), to their daughter, Anita Foy Bedkey, and her husband, alleging consideration of $8,000.00 cash and vendor's lien note for $25,000.00. They commenced preparations to construct a residence on the half section of rural land and claimed from that date a homestead in two hundred acres of that half section as authorized by V.A. T.S. Article 3833.[1] They staked and dug a foundation for a residence to be built on the tract, they moved some building material to the site, they arranged for an electric drop to be extended to the site, and they prepared to dig a well. They continued to live at the 404 Wilson Street address and never completed the proposed residence on the ranch land.

The debtors had perfected an appeal of the judgment to the United States Court of Appeals for the Fifth Circuit. However, they filed no supersedeas bond. On October 6, 1978, the United States Marshal levied on the half section of rural land. At the sale on November 7, 1978, Jody Fenslage's bid of $25,000.00 was the highest bid for the tract. It is the United States Marshal's deed to Jody Fenslage of the subject half section—the West one-half (W/2) of Section 172, Block B-4, H & GN Survey, Cert. 15/3465, Armstrong County, Texas—which the debtors seek to avoid by this action.

The United States Court of Appeals for the Fifth Circuit affirmed the judgment of the district court on November 6, 1980. *Fenslage v. Dawkins et al.*, 5th Cir. 1980, 629 F.2d 1107. The debtors filed their chapter 11 petition 88 days later on February 2, 1981.

The debtors present two theories of recovery. First, they contend that two hundred acres of the subject half section of ranch land was their homestead at the time of the Marshal's sale on November 7, 1978, and thus was exempt from execution. Second, they contend that the judgment did not become final until the Fifth Circuit affirmed the judgment on November 6, 1980, which was less than 90 days before the Chapter 11 petition was filed, and that the judgment lien is thus avoidable. The

---

1. Art. 3833. Homestead,

(a) If it is used for the purposes of a home, or as a place to exercise the calling or business to provide for a family or a single, adult person, not a constituent of a family, the homestead of a family or a single, adult person, not a constituent of a family, shall consist of:

(1) for a family, not more than two hundred acres, which may be in one or more parcels, with the improvements thereon, if not in a city, town, or village; or

(2) for a single, adult person, not a constituent of a family, not more than one hundred acres, which may be in one or more parcels, with the improvements thereon, if not in a city, town, or village; or

(3) for a family or a single, adult person, not a constituent of a family, a lot or lots, not to exceed in value ten thousand dollars at the time of their designation as a homestead, without reference to the value of any improvements thereon, if in a city, town, or village.

(b) Temporary renting of the homestead shall not change its homestead character when no other homestead has been acquired.

debtors can prevail on neither of those theories.

Jody Fenslage recorded her abstracts of judgment on August 17, 1978. Those abstracts of judgment comported with the requirements of V.A.T.S. Article 5447, which identifies the data which must be contained in an abstract of judgment. When those abstracts of judgment were recorded in Armstrong County, Texas, the debtors were claiming the residence at 404 Wilson Street in Claude, Texas, as their homestead. Although the testimony did not develop precisely when the debtors formed an intention to claim a rural homestead in 200 acres of the half section, the earliest date that such claim of homestead could have been effective was August 26, 1978, when the urban residential homestead was conveyed to their daughter. On that date the entire half section of ranch land was already subject to the judgment liens which secured the $80,000.00 federal court judgment.

■ Those judgment liens against the half section were effective from August 17, 1978, notwithstanding that the judgment was not affirmed by the Fifth Circuit until November 6, 1980. No supersedeas bond was filed by the debtors. The filing of an appeal does not preclude a successful litigant from abstracting his judgment and, in case of affirmance, the lien dates from the time of its proper recording and indexing. *Semple v. Eubanks*, 13 Tex.Civ.App. 418, 35 S.W. 509. Jody Fenslage, the person who holds the judgment liens, is entitled to all of the benefits that would have resulted from those judgment liens had there been no appeal for the affirmance gives effect to the original judgment. *Texas Trunk Railway Company v. Jackson*, 85 Tex. 605, 22 S.W. 1030.

The appellant in *Roman v. Goldberg*, 7 S.W.2d 899, Tex.Civ.App., had advanced substantially the same challenge that the debtors are making in this case—that is, that having perfected an appeal the appellee was not entitled to take any steps to affix a lien on any property. The court, citing *Semple v. Eubanks*, supra, stated, "this question, we think, has been decided adversely to appellant's contentions."

■ Thus, the judgment liens date, and are effective, from August 17, 1978, and not from the date of affirmance of the judgment on November 6, 1980.[2] Those judgment liens held by Jody Fenslage on August 17, 1978, were effective against all non-exempt real estate owned by the debtors in Armstrong County, Texas, including the subject half section of rural ranch land. The subsequent claim of homestead in 200 acres was subject to those judgment liens. The execution sale on November 7, 1978, and the subsequent deed to Jody Fenslage on November 13, 1978, recorded in Volume 85, Page 367 et seq. Deed Records of Armstrong County, Texas, were effective to convey title of the West one-half (W/2) of Section 172, Block B–4, H & GN Survey, Cert. 15/3465, Armstrong County, Texas, to Jody Fenslage, and that deed and conveyance may not be avoided by debtors.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The clerk is directed to file this memorandum and order in the adversary proceeding, to file a signed copy thereof in the Chapter 11 proceedings of the debtors in number 281–00013, and in the Chapter 11 proceedings of Jesse Arnold Dawkins and Barbara Beth Dawkins, in 281–00011, and to furnish a copy to each attorney of record and to the United States Trustee.

---

**2.** In any event the provisions of § 67 of the Bankruptcy Act which permitted avoidance of liens obtained by attachment, judgment, levy or other legal or equitable process within four months of the filing of the petition were not carried forward into the Bankruptcy Code.