**In the Matter of Raymond S. MOORE, Debtor.**

**Catherine Ann MOORE, Plaintiff,**

**v.**

**Raymond S. MOORE, Defendant.**

**Bankruptcy No. 81–611.
Adv. No. 82–268.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

July 13, 1982.

Zala Forizs, St. Petersburg, Fla., for plaintiff.

Domenic Massari, Tampa, Fla., for defendant.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding and the matter under consideration is a complaint

filed by Catherine Ann Moore who seeks a modification of the automatic stay. The Defendant is Raymond S. Moore, her former spouse, who is now a Debtor who seeks relief under Chapter 13 of the Bankruptcy Code. The Plaintiff seeks relief from the stay in order to proceed in the State Court and enforce a final judgment entered in the divorce proceeding awarding the Plaintiff a lump sum alimony payable in weekly installments and also awarding the Plaintiff attorney fees in the amount of $10,000. The Defendant filed a Motion to Dismiss and an answer setting forth certain separate defenses. In addition to some admissions and general denials, the Defendant sets forth as his first affirmative defense that "the Defendant is not in a position to make any payments to the Plaintiff in that all the Defendant's post-petition earnings constitute property of the estate." The second affirmative defense contends that the Defendant has a counterclaim pending in the State Court action which may result in no liability on behalf of the Defendant. The last affirmative defense sets forth in the fourth defense urges that the Debtor will propose an amended plan of reorganization (sic) which plan will provide for payments of all monies owed to the Plaintiff to be funded by the sale of certain property.

In opposition to the motion to dismiss the Plaintiff urges that the automatic stay does not apply in spite of the clear language of the Code which prohibits collection efforts to satisfy alimony and support obligations only from "property of the estate" by virtue of § 362(b)(2), but permits enforcement proceedings which are not directed against "properties of the estate." To overcome the obvious plain and seemingly clear language of the Code, the Plaintiff urges that the automatic stay does not apply and she is entitled to proceed against the Debtor and most importantly, she is entitled to proceed against properties of the debtor for the purpose of obtaining satisfaction of her claim for past due alimony and support obligations. Citing *In re Adams*, 12 B.R. 540, 4 CBC 2d 1054 (Bkrtcy.D.Utah 1981); *Matter of Garrison*, 5 B.R. 256, 2 CBC 2d 1110 (Bkrtcy.E.D.Mich.1980).

■ Before considering the respective contentions of the parties, it is well to point out at the outset that the area of domestic relations and controversies relating to the same has been traditionally and historically left to the respective states and federal courts have been in the past and still are extremely cautious and careful not to interfere in these matters in order to assure that the delicate balance between the two judicial systems are not disturbed and preserved. The expanded jurisdiction of the bankruptcy courts established by the Bankruptcy Reform Act of 1978 (Reform Act), 28 U.S.C. § 1471 was clearly not designed by Congress to thwart and to impede the enforcement of non-dischargeable alimony and child support obligations of debtors who seek refuge in the bankruptcy court. *Gonzalez Hernandez v. Borgos*, 343 F.2d 802 (1st Cir. 1965). Neither is there any doubt that the newly established bankruptcy courts with expanded jurisdiction were not intended by Congress to serve as appellate courts to pass upon final divorce decrees rendered by State Courts with the power to modify or alter the support provisions of divorce decrees. *In the Matter of Garrison, supra.*

■ The difficulty arises from the fact that Congress expressly provided that alimony and child support obligations are non-dischargeable by virtue of § 1328(a)(2), even in a Chapter 13 case. The Code also provided in no uncertain language in § 362(a)(2), however, that the automatic stay imposed by § 362 does not apply to enforcement proceedings as long as they are not directed against "properties of the estate." The legislative history sheds no light on the purpose of this provision. However, it is clear from the language itself that the automatic stay imposed by § 362(a) protects all "properties of the estate" and prohibits any proceedings against "properties of the estate" even proceedings which are designed to enforce alimony or support obligations. Thus, while such obligations are non-dischargeable, it is clear that by virtue of § 1328(a)(2), the non-debt-

or spouse can only proceed against properties which are not "properties of the estate." In light of the broad definition of the term "properties of the estate" by § 1306(a)(1) and (2), it is evident that upon commencement of a case and until confirmation of a plan, everything in which the Debtor had an interest on the date of filing and any interest acquired after filing are "properties of the estate" including future earnings. The only logical explanation for this provision can be that Congress intended to give a temporary protection to "properties of the estate" and was designed to protect the debtor until the debtor obtains confirmation of his repayment plan under this Chapter. This conclusion is supported by the fact that Congress also provided that the confirmation of the plan, with some exception, revests all of the properties of the estate in the debtor, unless the plan itself otherwise provides, § 1327(b).

In this instance, the debtor has yet to obtain confirmation of his plan, thus, the prohibition against proceeding against properties of the estate, imposed by § 362(a) is applicable and the Plaintiff cannot force either the liquidation of his assets or to cause a seizure of any of his properties including his future earnings for the purpose of satisfying the obligation for past due alimony and child support. While the properties of the estate are protected, it does not mean that the Plaintiff cannot proceed in state court against the debtor by way of a contempt proceeding or may not obtain relief for cause from the automatic stay pursuant to § 362(d)(1).

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss be, and the same hereby is, denied.