**In the Matter of Carmen CRUM, Debtor.**

**Bankruptcy No. 85–961.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 28, 1985.

Ronald R. Bidwell, Tampa, Fla., for debtor Carmen M. Crum.

E.C. Langford, Tampa, Fla., for Robert W. Crum.

## ORDER ON ORDER TO SHOW CAUSE RE: CONTEMPT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case originally commenced by a Petition for Relief under Chapter 11 filed by Carmen Crum. The matter under consideration is an attempt by Carmen Crum to cite and hold in contempt her former spouse, Robert W. Crum. The underlying facts which govern this controversy are basically without dispute and can be summarized as follows:

Prior to the commencement of this case, Mr. and Mrs. Crum were involved in a dissolution of marriage proceeding which ultimately culminated in the entry of a Final Decree which provided, inter alia, that the interest of Mrs. Crum in the former marital home and also the interest in the office property which was held by Mr. and Mrs. Crum as tenants by the entireties shall be conveyed and be awarded to Mr. Crum as his sole property and a certain condominium, also held by Mr. and Mrs. Crum as tenants by the entireties, located in Colorado shall be conveyed by Mr. Crum to Mrs. Crum to be her sole property. The divorce decree further provided that the parties shall execute the appropriate conveyances to effectuate and to carry out the provisions of the Final Decree. It appears that the marital home was mortgaged and the second mortgage holder, Barnett Bank, after the commencement of this case, filed a motion and sought relief from the automatic stay. The motion was heard in due course and this Court entered an order and granted the relief from the automatic stay. Barnett, who commenced its foreclosure action prior to the commencement of the Chapter 11 case, was authorized to complete the foreclosure action. Subsequent to the entry of the order lifting the automatic stay in favor of Barnett, there was a hearing scheduled in the mortgage foreclosure action on a Motion for Summary Judgment filed by Mrs. Crum. At the same time, counsel of record for Mr. Crum, who was fully aware of the pendency of the bankruptcy proceeding, filed a motion and sought leave to file a cross-claim against Carmen Crum. The cross-claim filed in the foreclosure action sought an unspecified amount of money damages against Mrs. Crum. This motion is the first one which, according to counsel for Mrs. Crum, forms the basis of the claim that Mr. Crum and his counsel of record violated the automatic stay imposed by § 362(a) of the Code and, therefore, that both shall be punished. It further appears, however, from the record that in the pending divorce case on September 16, 1985, counsel of record for Mr. Crum filed the following motions—(1) Motion to Hold Carmen Crum in Contempt; (2) Motion to Lift the Stay Order previously entered by the state court and (3) Motion to Compel Prior Instituted Contempt Proceeding for Punishment (sic).

It is the contention of Carmen Crum that Robert Crum and his counsel knowingly and willfully violated the automatic stay and, as a result, Carmen Crum had to incur additional expenses of engaging the services of an attorney and, therefore, they should be punished for contempt. Although not very well articulated, counsel for Robert Crum contends that he filed the Motion for Relief to file a cross-claim in error and even though the cross-claim sought money damages, it did not mean to seek money damages but merely a set-off against the claim asserted by Mrs. Crum. Counsel apparently orally stated in court that he would like to amend his Motion by asserting same as an affirmative defense. This is not conceded by counsel for Carmen Crum, who contends that counsel for Robert Crum expressly stated that he was unwilling to withdraw his Motion and actually the judge who heard the Motion indicated that any attempt to assert an affirmative

defense at this time was too late and, therefore, the same was denied. Be that as it may, it is clear that the motion for leave to file a cross-claim was definitely a violation of the automatic stay since it was seeking money damages against the Debtor who was currently involved in a pending case under Title 11, thus, protected by the automatic stay imposed by § 362 of the Bankrutpcy Code.

This conduct of counsel for Robert Crum forms the first basis for the contention that he should be held in contempt and punished. In addition to the foregoing, counsel for Carmen Crum also contends that the three motions filed in the pending divorce case, filed on September 16, also constituted contempt of court. This presents a more difficult question inasmuch as these motions were filed in a divorce case and not in a foreclosure action and, by virtue of § 362(b) the automatic stay expressly excludes from its operation proceedings to enforce alimony and child support, provided, however, that the enforcement is not sought out of properties of the estate. Counsel for Carmen Crum, in support of its contention that the filing of these motions was also contemptuous, cites the case of *Moore v. Moore (In the Matter of Raymond S. Moore)*, 22 B.R. 200 (Bankr.M.D.Fla.1982), a case decided by this court on July 13, 1982. In the *Moore* case, this Court concluded that while the extended jurisdiction of the bankruptcy courts was not designed by Congress to thwart and to impede enforcement of non-dischargeable alimony and child support obligations of a debtor who seeks refuge in a bankruptcy court, the automatic stay protects all properties of the estate and prohibits any proceedings against property of the estate, even proceedings which are designed to enforce non-dischargeable alimony or support obligations. In the case of *Stamper v. Stamper (In the Matter of Stamper)*, 17 B.R. 216 (Bankr.S.D.Ohio 1982), the Bankruptcy Court for the Southern District of Ohio was called upon to consider the identical question. In *Stamper*, the Court concluded that a separated wife was in contempt of the bankruptcy court's jurisdiction for seeking a contempt of court order in state court, including imminent incarceration of a debtor, despite knowledge of the pendency of the bankruptcy case. In *Stamper*, there was an adversary proceeding pending.

In the present instance, it is clear and it is without dispute that the ownership interest of the parties in a former marital home, in the office building, and in the condominium in Colorado are held by them as tenants in common by virtue of the decree dissolving the marriage. Thus, at the time this case was commenced by the voluntary petition originally filed under Chapter 11 by Mr. Crum, the interest of Carmen Crum in the properties was property of the estate, although it is also true that there was a decree entered in the state court which ordered Mrs. Crum to convey her interest in the office building and also in the former marital home to Robert Crum. It further appears that there is an adversary proceeding pending in this Court at this time, filed by Carmen Crum, which seeks a determination of this Court that the award in the state court in connection with the dissolution of the marriage proceeding was, in fact, property settlement, thus, dischargeable and not in the nature of alimony or support which, of course, by virtue of § 523(a)(5) would not be dischargeable. Be that as it may, this Court is satisfied that the action undertaken by counsel for Robert Crum by filing the motion in question on September 16 was directly addressed to her property interest in properties which were, and still are, owned in part by Mrs. Crum and, therefore, such action is prohibited by the automatic stay. Thus, filing the motions was also technically a violation of the automatic stay, thus contempt.

The power of the bankruptcy court to punish for civil contempt was well established even prior to the enactment of the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598. The pre-Code Bankruptcy Rule 920 provided for it expressly, although it placed a limitation as to the amount of fine which could be imposed by

the bankruptcy court. Notwithstanding, it has been recognized and held in the case of *Fidelity Mortgage Investors v. Camelia Builders (In re Fidelity Mortgage Investors)*, 550 F.2d 47 (2d Cir.1976) *reh. den.*, *cert. den.*, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977), that an attorney and a client who willfully and deliberately brought action to enjoin a debtor-in-possession from making a non-judicial sale of property did not fall within the exception created by 28 U.S.C., § 959, and, therefore, did deliberately violate the automatic stay, which warranted a finding of contempt and punishment in excess of the limit placed by Rule 920.

With the enactment of the Bankruptcy Code and the Reform Act of 1978, there was no longer any doubt that the bankruptcy courts had the power to punish for civil contempt without any monetary limitations whatsoever. However, in light of the Supreme Court decision in *Northern Pipeline v. Marathon*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which invalidated the jurisdictional grant of the Bankruptcy Reform Act of 1978, and in light of the restructuring of the bankruptcy court by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAFJA), Pub.L. No. 98–353, there was some doubt raised in some quarters that the bankruptcy court no longer has the power to punish for contempt but will have to certify the matter of contempt to the district court for action. *In re Omega Equipment Corp.*, 51 B.R. 569 (D.D.C.1985); *In the matter of Wallace*, 46 B.R. 802 (Bankr.W.D.Mo.1984).

■ Even a cursory analysis of proceeding to consider a violation of the automatic stay indicates without any doubt that the automatic stay provision of § 362 plays a central role in the administration of the Bankruptcy Code and is clearly a core proceeding. Thus, by virtue of the general reference granted pursuant to § 157 of BAFJA, there is no doubt that the Bankruptcy judge has the authority to enter a final dispositive order on a motion which seeks imposition of sanctions for violation of the automatic stay. The civil contempt orders are by their very nature either remedial or coercive. *Shillitani v. United*

*States*, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966).

In addition, an amendment to § 362(h) now provides that an individual who is injured as a result of a violation of the automatic stay may recover actual damages including cost and attorney fees and even, in appropriate circumstances, recover punitive damages. To conclude that to enforce this provision of the Code is not a core matter, but a related matter, would be to disregard the very nature of the matter under consideration. This is so because, unlike the matter involved in *Marathon* which was the attempt to enforce in the bankruptcy court a state law created right independent of and antecedent to the reorganization petition, the contempt did not occur independent of or antecedent to the debtor's bankruptcy. The right sought to be enforced in the present instance is not a state law created right, which was involved in *Marathon*, but it is an indispensable part of the bankruptcy process to uphold a specific provision of the Code which is uniformly recognized to be one of the most fundamental debtor protections provided by bankruptcy laws. H.R. No. 95–595, 95th Cong., 1st Session, 1977, U.S.Code Cong. & Admin.News 1978, p. 5787, discussing 11 U.S.C. § 362.

■ It is quite evident and obvious that the only way the bankruptcy court can put teeth into its power to enforce the automatic stay is through the threat of contempt proceeding. The court must have a way to enforce its own orders and a contempt order is an appropriate way to carry out the purpose of the automatic stay provision of the Code. *In re Johns Manville Corp.*, 26 B.R. 919 (Bankr.S.D.N.Y.1983); cf. *Fernos-Lopez v. U.S.D.C. District of Puerto Rico*, 599 F.2d 1087 (1st Cir.1979). In the case of *Better Homes of Virginia, Inc. v. Budget Service Company*, 52 B.R. 426, 13 B.C.D. 454 (E.D.Vir.1985), the court upheld the actual damage and attorneys fees and punitive damage award in favor of a debtor, noting that these sanctions were allowed by § 362(h) and were civil in nature. Thus, based on the nature of the proceeding and, especially, on the provisions of § 362(h), this Court is satisfied that this Court has

the power to cite a person who violated the automatic stay for contempt and impose an appropriate sanction to indemnify the debtor for injury suffered as a result of a willful violation of the automatic stay in appropriate circumstances.

■ Considering the totality of the circumstances of this particular controversy, this Court is satisfied that both counsel and Robert Crum violated the automatic stay. For this reason, this Court is satisfied that it is appropriate to assess costs against counsel and Robert Crum, jointly and severally, in the total amount of $400.00. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor, Carmen Crum, shall be awarded, pursuant to § 362(h), a sum of $400 to compensate her for damages suffered as a result of the respondent's violation of the automatic stay. It is further

ORDERED, ADJUDGED AND DECREED that both E.C. Langford, counsel for Robert Crum, and Robert Crum, jointly and severally, shall be held liable and ordered to pay the sum of $400 to Carmen Crum within 30 days from the date of entry of this order.