**In re Edward Albert TURNER, Jr., dba Castlewood Kennels, Debtor.**

**Bankruptcy No. 584-501.**

United States Bankruptcy Court, N.D. Ohio.

June 8, 1988.

Mack D. Cook, II, Morris H. Laatsch, Akron, Ohio, for debtor.

Jerome Holub, Akron, Ohio, Chapter 13 trustee.

Roger J. Stevenson, Akron, Ohio, for the Banks.

## FINDING AS TO APPLICATION FOR AWARD OF ATTORNEY FEES

HAROLD F. WHITE, Bankruptcy Judge.

This matter comes before the court upon the Application for Award of Attorney Fees against Bank One of Cleveland, N.A. and Bank One of Akron, N.A., under 11 U.S.C. § 362(h), filed on April 6, 1988 by Mack D. Cook, II, attorney for the debtor in the matter of the Motion for Relief from the Automatic Stay filed by Bank One of Cleveland, N.A. and Bank One of Akron, N.A. (hereinafter referred to as "Banks") on September 26, 1985. The matter was set for hearing with notice given to all interested parties. The Banks filed a Memorandum ... in Opposition to Application for Award of Attorney Fees on May 10, 1988.

At the hearing on May 20, 1988, the following were present: Mack D. Cook, II; Morris H. Laatsch, attorney for the debtor

for all other bankruptcy matters; and Roger J. Stevenson, attorney for the Banks.

## FINDINGS OF FACT

1. The debtor, Edward Albert Turner, Jr., filed a chapter 13 proceeding on May 1, 1984 and Bank One of Akron and Bank One of Ravenna were duly scheduled as unsecured creditors.

2. Bank One of Akron, aka Bank One of Ravenna, filed four proofs of claim on July 31, 1984 through its attorney, Ronald N. Towne.

3. This court confirmed the debtor's chapter 13 Plan on January 18, 1985.

4. On August 12, 1985 the Banks filed a complaint for civil RICO claims, Case No. C85–2266A, in the United States District Court, Northern District of Ohio, against fifteen or more defendants including the debtor. The Banks were represented by Richard E. Guster and Douglas L. Talley, of the law firm of Roetzel & Andress.

5. On September 9, 1985 the debtor, through attorney Cook, filed a motion to dismiss in the United States District Court pursuant to the automatic stay provision, 11 U.S.C. § 362(a)(1). The United States District Court withheld ruling on the motion pending this court's determination of whether relief from stay should be granted and no further action was taken in the RICO case.

6. Subsequently, the Banks filed a Motion for Relief from Stay pursuant to 11 U.S.C. § 362(d) on September 26, 1985. In paragraph (6)(c) of the Motion, the Banks stated that:

> Upon obtaining the requested relief from the automatic stay Movants would stipulate that they would not seek payment of any judgment entered in their favor against the debtor except: 1) from any entity other than the debtor which might also be liable for such judgment; and/or 2) by filing and prosecuting a proof of claim in this proceeding under 11 U.S.C. Section 501 et seq.; and/or from the debtor upon the entry of an order of this court denying the debtor a discharge or

determining such judgment to be a non-dischargeable debt.

7. The Motion for relief from stay was heard on October 23, 1985 with a final hearing held on November 4, 1985. Both the Banks and the debtor filed Memorandums in Support.

8. On November 13, 1985 this court entered its Order granting relief from stay pursuant to the Finding of the same date, 55 B.R. 498. The Order for relief was granted "for the sole purpose of obtaining a finding of the debtor's liability" and the Banks were "enjoined and prohibited from attempting to collect, recover, or offset any such debt as a personal liability of the debtor, or from property of the debtor."

9. The request for attorney fees by Mack D. Cook, II is for the period September 27, 1985 to April 5, 1988 inclusive.

10. On May 6, 1988 the debtor was granted his discharge pursuant to 11 U.S.C. § 1328(a).

## ISSUE

Is a creditor who violates the automatic stay of 11 U.S.C. § 362 and subsequently moves for relief from stay liable for attorney's fees incurred as a result of said motion for relief from stay which was granted by the bankruptcy court?

## CONCLUSIONS OF LAW

Section 362 of the Bankruptcy Code provides generally for the automatic stay of any and all proceedings against a debtor once a bankruptcy petition is filed. The consequences of violating the automatic stay provision are set forth in section 362(h) which provides that: "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." This section, applicable to cases filed after October 7, 1984, was added by the Bankruptcy Amendments and Federal Judgeship Act of 1984 to specify the sanctions to be imposed against a party found to be in willful violation of a stay under 11 U.S.C. § 362. Prior

to the enactment of section 362(h), courts found those willfully violating the automatic stay provision to be in contempt and thus imposed sanctions. *See In re Taco Ed's, Inc.*, 63 B.R. 913 (Bankr.N.D.Ohio 1986); *In the Matter of Crum*, 55 B.R. 455 (Bankr.M.D.Fla.1985). Therefore, the court need not determine this issue on the basis of the applicability of section 362(h).

The evidence before the court is that the Banks knew of the debtor's bankruptcy. The Banks were listed in the petition as unsecured creditors and further, the Banks filed four proofs of claim in June, 1984. The fact that two different counsels were utilized for the two matters, i.e. Attorney Towne for the bankruptcy and Attorneys Guster and Talley for the RICO matter, is irrelevant as the Banks are the parties charged with the knowledge of the bankruptcy. Notwithstanding such knowledge, the Banks intentionally filed a civil complaint in the United States District Court claiming RICO violations by the debtor and others. Upon the Banks' realization that they violated the automatic stay, they promptly filed their Motion for Relief from Stay in this court on September 26, 1985.

Any injury to the debtor as a result of the Banks' willful violation of the stay would have had to occur from August 12, 1985, the date of the filing of the RICO complaint, and September 9, 1985, at which time the debtor filed his motion to dismiss same and the United States District Court withheld ruling on the motion to dismiss and took no further action pending this court's decision on the relief from stay issue. No injury was claimed by the debtor nor was a request for attorney's fees made for said time period. The claim for attorney fees as filed by Mack D. Cook, II was for the time period September 27, 1985 through April 5, 1988.

The Banks filed their Motion pursuant to 11 U.S.C. § 362(d) and the debtor opposed and/or defended said Motion. The Banks' Motion for Relief from Stay was granted. *See* Finding of Fact No. 8. The application for award of attorney's fees pertains to the opposition and/or defense of said Motion. No authority exists for awarding damages and/or attorney's fees as a result of the filing of a motion for relief from stay. An award of damages and/or attorney's fees is required, pursuant to section 362(h), where a willful violation of the automatic stay occurs and the debtor is injured. In this case, the debtor's counsel claims the debtor was injured in that he had to pay an attorney to oppose the Banks' Motion. Any injury caused by the Banks' willful violation of 11 U.S.C. § 362(a) had to occur prior to the filing of the Banks' Motion. The injury to the debtor could not occur afterward.

For the foregoing reasons, the Application for Award of Attorney's Fees should be denied. A separate order in accordance with this Finding shall be entered.