FIRST NATIONAL BANK OF CROCKETT V. W. A. ADAMS ET AL.

Decided February 7, 1903.

**Judgment Lien—Failure to Issue Execution—Diligence.**

A money judgment was rendered in H. County in favor of a bank against E. and H. upon a note, and in favor of certain other defendants upon their pleas to the jurisdiction, and ten days afterwards an abstract of the judgment was duly filed in T. County so as to fix a lien. Thereafter the plaintiff bank appealed from the judgment, the only error it assigned being as to the action of the court in sustaining the pleas to the jurisdiction. The judgment was affirmed, the court holding incidentally that there was no appeal from the judgment against E. and H., and execution was issued to H. County within a year from the affirmance and receipt of the mandate, but more than three years after the date of the original judgment. Alias execution to T. County did not issue until more than a year after the date of such first execution. Held, that the lien created on land in T. County by the record of the judgment there was lost by reason of failure to use diligence, as required by the statute, in having executions issued on the judgment. Rev. Stats., arts. 3289, 3290.

Appeal from the District Court of Tarrant. Tried below before Hon. Irby Dunklin.

*Humphreys & Harris* and *Nunn & Nunn*, for appellant.

*Sidney L. Samuels* and *F. E. Dycus*, for appellees.

SPEER, ASSOCIATE JUSTICE.—Appellees W. A. Adams and A. C Walker instituted this suit in the District Court of Tarrant County against the appellant, First National Bank of Crockett, Texas, in the dual form of trespass to try title and to remove cloud from title, involving valuable residence property in the city of Fort Worth, being lots Nos. 1, 2 and 3 in block No. 1 of Daggett's second addition to said city. The parties claim through M. Harrold as common source, the appellees by deed of purchase, and the appellant through sheriff's deed at execution sale under a judgment lien. The facts established by the record which are material to our conclusions are as follows:

Appellees on May 8, 1901, purchased the lots in controversy from the owner, M. Harrold, paying therefor the sum of $8000, and received a deed duly conveying the same, executed by the said Harrold and his wife, which deed was properly recorded in the deed records of Tarrant County, Texas, on May 14, 1901.

Appellant recovered on October 16, 1896, in the District Court of Houston County, Texas, judgment against E. H. East and M. Harrold, for the sum of $7678.12, with 10 per cent interest, and at the same time judgment was rendered against appellant bank in favor of E. B. Harrold, W. Scott, S. B. Burnett and M. Harrold as assignee, on their pleas to the jurisdiction of the court. The bank had sued E. H. East and M. Harrold on notes signed by them payable in the town of Crockett, and sought to hold the other defendants upon an allegation that M. Harrold

had received the estate of E. H. East under a deed of assignment, and that W. Scott and S. B. Burnett were sureties on said assignee's bond; that the bank was a nonaccepting creditor of said East, and that there were ample assets in the hands of the assignee to pay all of the debts of said estate, but that the same had been wasted, squandered and converted by said M. Harrold, E. H. East and E. B. Harrold. An abstract of the judgment was duly recorded and indexed in Tarrant County, October 26, 1896. The bank appealed from the judgment of the District Court, and on December 2, 1896, filed in said cause its appeal bond, conditioned as required by law, payable to all of the defendants.

The only assignment of error was as to the action of the court in. sustaining the pleas to the jurisdiction interposed by certain of the defendants mentioned above. On November 11, 1897, the Court of Civil Appeals affirmed the judgment, and held, incidentally, that there had been no appeal from the judgment against East and M. Harrold on the notes, but only from the judgment in favor of the defendants on their plea to the jurisdiction of the court over their persons. First National Bank v. East, 17 Texas Civ. App., 176, 43 S. W. Rep., 559. The bank filed its motion for rehearing November 25, 1897, and on December 23, 1897, this was overruled. On January 5, 1898, the bank filed in the Court of Civil Appeals its petition for a writ of error to the Supreme Court, and the same was filed in the latter court January 11th, and on the 13th day of the same month the Supreme Court made an order refusing the writ. This judgment was certified by the clerk of the Supreme Court on January 29, 1898, which certificate was filed in the Court of Civil Appeals at Galveston, January 30, 1898. The mandate of the Court of Civil Appeals was issued February 18, 1898, and filed in the distict clerk's office, Houston County, on February 19, 1898. Execution was issued out of the District Court of Houston County on said judgment, January 25, 1899, placed in the hands of the sheriff of said county, who on the next day, January 26, returned the same indorsed, "No property found subject to this execution." An alias execution was issued November 9, 1901, addressed to the sheriff of Tarrant County, Texas, reaching his hands November 11th, and on the same day was by that officer levied upon the lots in controversy in this suit, as the property of M. Harrold. On the first Tuesday in December, 1901, after due advertisement, the property was sold, and bid in by appellant for the sum of $3000, crediting the amount on the execution after paying all costs, and the sheriff executed and delivered to appellant his deed to the property so sold.

The court, as we think, correctly instructed the jury to return a verdict for the appellees. Article 3289 of the Revised Statutes reads: "When any judgment has been recorded and indexed, as provided in the preceding articles, it shall, from the date of such record and index, operate as a lien upon all of the real estate of the defendant situated in the county where such record and index are made, and upon all real estate which the defendant may thereafter acquire situated in said county." The suc-

ceeding article, 3290, reads: "When a lien has been acquired, as provided in this chapter, it shall continue for ten years from the date of such record and index, unless the plaintiff shall fail to have execution issued upon his judgment within twelve months after the rendition thereof, in which case, said lien shall cease to exist."

We are all agreed, though not precisely upon the same grounds, that appellant's lien upon the lots in controversy had ceased to exist prior to its levy, and to appellees' purchase, for the reason that it had not exercised the required diligence in having an execution issued upon its judgment against M. Harrold. Gruner v. Westin, 66 Texas, 209, 18 S. W. Rep., 512; Semple v. Eubanks, 13 Texas Civ. App., 418, 35 S. W. Rep., 509. It of course follows that we affirm the judgment of the District Court.

*Affirmed.*

Writ of error refused.