### MOORE v. RAY et al.   (No. 2645.)

(Court of Civil Appeals of Texas.   Amarillo.
March 24, 1926.)

1. **Judgment** ⊜➡769—**Abstract of judgment held not to constitute lien, where it was not indexed, and timely execution had not been issued (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5615, 5617, 6792).**

Abstract of judgment *held* not to constitute a valid lien on plaintiff's property, where it had not been indexed as required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 5615, 6792, and no execution had been issued within 12 months after judgment was rendered as required by article 5617.

2. **Judgment** ⊜➡769—**One asserting judgment lien must show that abstract was properly indexed, and that execution has been timely issued.**

Burden is on him who asserts a judgment lien to show, not only that a proper abstract of his judgment has been recorded, but that abstract of judgment was properly indexed, and that execution has been issued within 12 months after judgment was rendered.

Appeal from District Court, Wichita County; Guy Rogers, Judge.

Action by John R. Hirschi against J. W. Ray and others. Judgment for plaintiff, and defendant W. M. Moore appeals. Affirmed.

Taylor, Muse & Taylor, of Wichita Falls, for appellant.

Cox, Fulton & Dickey and Kenley, Dawson & Holliday, all of Wichita Falls, for appellees.

HALL, C. J. John R. Hirschi sued J. W. Ray and wife, Ada Ray, upon two notes for

$2,500 each, and a balance due upon a third note of $820. He alleges that the first two notes were secured by a deed of trust executed by Ray and wife on the 28th day of March, 1922; that the vendor's lien retained to secure the last note upon 17¾ acres of land in Clay county had been released, but he sought a foreclosure of his deed of trust lien upon the two tracts of land therein described, being 305 acres in Clay county, and 7½ acres situated in Wichita Falls. The appellant Moore is made a party to the suit, and plaintiff prays ·for the cancellation of his interest, if any, in the lands.

Moore answered, claiming an interest in the land by virtue of a judgment lien, which he alleges was superior to the mortgage lien of Hirschi, and that Hirschi had waived his deed of trust lien by not sooner instituting suit to collect the notes.

Ray and wife answered, alleging that the 7½ acres of land in Wichita Falls constituted their homestead, and, for that reason, was not subject to the judgment lien pleaded by Moore. They further allege that the 305 acres of land in Clay county was the separate property of Mrs. Ada Ray, and that the judgment obtained by Moore against Ray, which is the basis for the judgment lien asserted by Moore, was obtained through fraud. They prayed that such judgment lien as a cloud upon their title be canceled.

In reply to the pleadings of Ray and wife, Moore alleged that they were estopped from claiming a homestead upon the 7½ acres by the fact that they had, in the deed of trust given to secure Hirschi's debt, renounced all claim of homestead to the same. He alleged as to the 305 acres that it was not the separate property of Mrs. Ray, and that Ray had conveyed it to his wife for the purpose of defrauding his creditors.

The case was· tried to the court without the intervention of a jury, and resulted in a decree in favor of Hirschi against Ray, and a foreclosure of his liens against the property. The court further found that Moore's abstract of judgment did not constitute a valid lien upon any of the property, and that he take nothing by reason of his cross-action against either Hirschi or Ray and wife. From this judgment Moore alone has appealed. Several propositions and counter propositions are presented in the briefs which it will not be necessary to consider separately under the view we take of the case.

[1] If the abstract of Moore's judgment which was introduced in evidence is sufficient under the statute, which question we do not find it necessary to discuss, he does not show that he was a judgment lienholder for other reasons.

Vernon's Sayles' Ann. Civ. St. 1914, art. 5615, provides that the clerk of the county court shall prepare an index to the judgment lien record which shall be alphabetical and shall show the name of each plaintiff and of each defendant in the judgment, and the number of the page of the book upon which the abstract is recorded. This article is in addition to article 6792, which requires the clerk to make the same character of index to all of the records in his office. So far as this record shows, Moore's abstract of judgment has never been indexed.

The court did not err in denying Moore a foreclosure of the judgment lien, for the further reason that it was not shown that an execution had been issued upon his judgment against Ray within 12 months after its rendition. The judgment was dated ·the 23d day of June, 1923, and this cause was tried March 16, 1925.

Vernon's Sayles' Ann. Civ. ·St. 1914, art. 5617, provides that, when a lien has been acquired as provided by the chapter for fixing judgment liens it shall continue for 10 years from the date of such record and index, unless the plaintiff shall fail to have execution issued upon his judgment within 12 months after the rendition thereof, in which case the lien shall cease to exist.

[2] Our courts have repeatedly held that the burden is upon him who asserts a judgment lien to show, not only that a proper abstract of his judgment has been recorded, but he must also show that the abstract of judgment was properly indexed, and that execution has been issued within 12 months after the judgment was rendered. Semple v. Eubanks et al., 35 S. W. 509, 13 Tex. Civ. App. 418; First National Bank v. Adams et al., 72 S. W. 403, 31 Tex. Civ. App. 413.

No proof was tendered by Moore for the purpose of showing that the conveyance of the Clay county farm to his wife was intended to be in fraud of creditors. The plaintiff's petition is good as against a general demurrer.

No findings of fact were filed by the trial court, and, since the evidence is sufficient to support the judgment, it is affirmed.