**R. B. SPENCER & CO. v. GREEN et ux.**

**No. 4512.**

Court of Civil Appeals of Texas. El Paso.

April 3, 1947.

958

Hubert D. Dunham, of Waco, for appellant.

Klapproth & Hamilton, of Midland, for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Martin County, by R. B. Spencer & Company, a partnership composed of H. L. Spencer, R. T. Spencer, and others. W. D. Green and his wife instituted this action against appellant to remove the cloud against the title to 155 acres of land in Martin County, created by filing in that county of an abstract of judgment obtained in McClellan County against appellee W. D. Green. It was averred that the judgment never became a lien against said property because at all relevant times same was the homestead of appellees Mr. and Mrs. Green. Appellant replied by general denial and special plea that the land involved had been abandoned by appellees as a homestead and that appellees have acquired another homestead in the town of Stanton, Texas. Appellant filed what is denominated as a cross-action against appellees and their son, W. D. Green, Jr., averring that since about January 1, 1940, until the 21st day of September, 1945, appellees Mr. and Mrs. Green owned two tracts of land, and asked the court to determine which of the two tracts was the homestead of appellees; set up that the recital in the deed by which the tract in Stanton was conveyed to appellee Mrs. Green that same was paid for with her separate property was a fraud because same was purchased with the community property of appellees; that on the 25th day of September, 1945, appellees Mr. and Mrs. Green had conveyed the property in Stanton to their son, W. D. Green, Jr., for a consideration of ten dollars, and that said deed was void because made for the purpose of defrauding the creditors of appellee Green. Sought alternatively was foreclosure of the judgment lien against the farm or the urban property, and the cancellation of the deed to appellee W. D. Green, Jr. Appellees plead a general denial to such cross-action.

On a trial before the court without a jury judgment was rendered in favor of appellees removing the cloud created by the abstract of judgment as to the rural lands, and denying appellants the relief as to their cross-action. In the judgment is found in substance that at all relevant times the 155 acres was the homestead of appellees Mr. and Mrs. Green, that the land at Stanton was the separate property of Mrs. Green. Appellant vigorously assails these findings as being unsupported by the evidence.

Appellee W. D. Green was the only witness testifying. In substance his testimony was that the farm was community property, that he and his wife had acquired same some time prior to 1931 and had actually lived thereon as a home from 1931 to November 1941; that in November 1941 he moved into Stanton because he was not physically able to run the farm and he couldn't hire labor to operate same. He was compelled to leave the farm on account of being unable to obtain labor; that he and his wife had not resided on the farm since leasing it in 1941, but he had at all times claimed same as his homestead. At times when the residence on the farm was vacant he stayed at the house in order to protect the insurance, further that but for a portion of the time when he was in California he had lived in Stanton; his son had furnished the money to buy a piece of property in Stanton for his mother, Mrs. Green. Witness had lived thereon since the acquisition of the property by his wife; that the Stanton property was improved with the separate funds of his wife; that the separate funds had their origin in gifts from her son. He was rather vague in his testimony as to his intention to resume his residence on the farm, but it was clear therefrom that he had not formed the definite intention never to return thereto. The tract or lot in Stanton was conveyed to Mrs. Green by deed dated November 26, 1941, and recited a consideration of $375 paid by Mrs. Green out of her separate and individual funds. Mr. and Mrs. Green by deed dated the 24th day of September, 1945, for a recited con-

---

sideration of $10, conveyed this property to their son, appellee W. D. Green, Jr.

On February 17, 1936, appellant recovered a judgment in the District Court of McClellan County in the sum of $1039.83, accrued interest and costs against appellee W. D. Green. On June 1, 1945, an abstract of this judgment was filed in the County Clerk's office of Jones County, and recorded in the judgment record in Book 7, page 569. On June 11, 1945, same was filed in the office of the County Clerk of Martin County, Texas, and on the same day recorded in Abstract of Judgment Records Vol. 3 at page blank. The statement of facts fails to show that such judgment was properly indexed in Martin County.

If there be substantial evidence raising the issue that at all times since the filing of the abstract of judgment in Martin County the 155 acres in that county was the homestead of appellees, the judgment of the trial court removing cloud is correct. It also follows that the denial of the foreclosure of the judgment lien against such homestead was correct. If the property in Stanton was the separate property of appellee Mrs. Green the judgment denying the foreclosure of judgment lien as to the Stanton property was likewise correct. If it was her separate property it was not subject to the debts of her husband and for the same reason the conveyance to her son was not fraudulent.

It is undisputed that the rural property from about 1931 to November 1941 was the rural homestead of appellees Mr. and Mrs. Green. Posed is the question as to whether or not prior to the date of filing of the abstract of judgment in Martin County on June 11, 1945, this rural homestead had been abandoned. Appellant asserts that it had been abandoned because a new homestead had been acquired in Stanton.

Under the evidence it seems to be clear that the house in town was not used in connection with the land in the country, likewise it is thought it is fair to assume under the testimony that such revenue as accrued from the rental of the farm went to support the family.

A rural homestead constitutes both the residence homestead and business homestead; a rural homestead and urban homestead cannot both exist at the same time. Achilles v. Willis, 81 Tex. 169, 16 S.W. 746; Silvers v. Welch, 127 Tex. 58, 91 S.W.2d 686.

If an urban homestead had been acquired in Stanton prior to the date of filing of the abstract, then the rural homestead had ceased, and the lien of judgment might attach to the farm if the statute conditioning a lien had been complied with.

The issue as to intention not to use the premises, or "abandonment" as it is generally described is one of fact, to be determined by the jury. 22 Tex.Jur., p. 81, par. 53.

In determining whether there has been an abandonment of a homestead, intention is a strong factor. 22 Tex.Jur., p. 93, par. 62.

"The acquiring of a new home is not always the acquiring of a new homestead and one does not necessarily abandon a homestead by merely moving his home." Rancho Oil Co. v. Powell, 142 Tex. 63, 175 S.W.2d 960.

An act of necessity is not a voluntary abandonment of the homestead. Here there is evidence that appellee Green left his home because on account of his health he was unable to work the farm, and could not obtain farm labor. Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 132 S.W.2d 553, loc.cit. 573. Chief Justice Cureton, in the course of the opinion in the case above cited, stated:

"In view of the law that an abandonment of the homestead is not accomplished by going away without any intention to return at any particular time, but by going away 'with a definite intention never to return at all.'"

We hold that the evidence is insufficient to establish as a matter of law that Green left the farm with the definite intention never to return thereto. It is thought that his occupancy of the residence on his wife's property in Stanton does not establish as a matter of law that he dedicated

960

the same as a homestead. There is a basis in the evidence, or lack of evidence, for the court's finding in substance that he never abandoned the farm as a homestead.

■ The finding that the Stanton property was the separate property of the wife finds support in the recital of the deed that it was paid for with her separate funds. It is likewise supported by the testimony that the money with which Mrs. Green bought and improved the property was a gift from her son. The bank account stood in the name of Mrs. Green, and sometimes the rent or earnings from the farm were deposited therein. However, it is not thought that this is sufficient, standing alone, to establish that she had so commingled her separate and community funds that such could not be distinguished, and the check, therefore, to pay for the Stanton property was community funds.

■ Grave doubt is entertained that had not the evidence been sufficient to establish an abandonment of the rural homestead that the evidence was sufficient to show a lien thereon. There is no showing that the abstract of judgment was properly indexed, as required by Articles 5448 and 5449, R.S. 1925, Vernon's Ann.Civ.St. arts. 5448, 5449. In order that the filing of the abstract of judgment create a lien there must be strict compliance with the statutes providing for the liens. Proper indexing does not appear from the statement of facts. Art. 5449, R. S.1925; Moore v. Ray, Tex.Civ.App. 282 S.W. 671; Chamlee v. Chamlee, Tex.Civ. App., 113 S.W.2d 290; Askey v. Power, Tex.Com.App., 36 S.W.2d 446; McGlothlin v. Coody, Tex.Com.App., 59 S.W.2d 819. However, appellees did not seek the cancellation of the lien on account of failure to show that said abstract had been properly indexed. As to foreclosure of the lien they plead a general denial. The briefs of neither party raise this point. Such being the case, the affirmance of the judgment of the trial court is based on the ground that there was an issue raised as to abandonment of the farm property as a homestead, and that the evidence was sufficient to sustain the finding that the property in Stanton was the separate property of Mrs. Green.

No error appearing, it is ordered that the judgment be in all things affirmed.