In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00004-CV

                                                ______________________________

 

 

                                         GIANNA DRIVER,
Appellant

 

                                                                V.

 

                                    JAMES G. CONLEY, SR., Appellee

 

 

                                                                                                  


 

 

                                        On Appeal from the 71st Judicial District Court

                                                           Harrison County, Texas

                                                           Trial
Court No. 01-0416

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                    Opinion by Chief Justice Morriss








                                                                   O P I N I O N

 

            James G.
Conley, Sr., has previously been convicted of, and is serving time for, sexual
assaults against Gianna Driver.[1]  For those torts, Driver obtained a civil
money judgment against Conley.  As part
of Driver’s efforts to collect that judgment, she appeals from the denial of
her request for a turnover order[2]
on a house and lot that Conley claims as his homestead.  Driver argues that “someone who intentionally
commits criminal acts of sexual assault within a home against a minor child may
[not] be entitled to claim continuing homestead exemption” since “imprisonment
in a new residence” should be deemed abandonment of homestead.  Because we hold that Conley’s imprisonment
for his crimes does not constitute abandonment of his homestead, we affirm the
trial court’s denial of Driver’s request for a turnover order concerning the
house and lot in question.[3]

            “Homestead
rights have historically enjoyed great protection in our jurisprudence.”  Florey
v. Estate of McConnell, 212 S.W.3d 439, 443 (Tex. App.—Austin 2006, pet.
denied) (prisoner who murdered his wife was entitled to claim homestead
exemption).  Our Texas Constitution
provides that “[t]he homestead of . . . a single adult person, shall be, and is
hereby protected from forced sale, for the payment of all debts” not
specifically enumerated within.  Tex. Const. art. XVI, § 50.   Homestead rights are liberally construed to
prevent citizens from losing their homes. 
Florey, 212 S.W.3d at
443.  The party seeking a turnover order
must prove that the property is not exempt. 
Hanif v. Clarksville Oil & Gas
Co., No. 06-09-00110-CV, 2010 WL 2105936, at *3 (Tex. App.—Texarkana
May 27, 2010, no pet.) (mem. op.); see
Tex. Civ. Prac. & Rem. Code Ann.
§ 31.002(a)(2), (b)(1) (Vernon 2008); Tanner
v. McCarthy, 274 S.W.3d 311, 322 (Tex. App.—Houston [1st Dist.] 2008, no
pet.).

            We review
the granting or denial of a turnover order for an abuse of discretion.  Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Tanner, 274 S.W.3d at 320.  A
trial court abuses its discretion if it acts in an unreasonable or arbitrary
manner.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238 (Tex. 1985).  A trial
court’s issuance of a turnover order, even if predicated on an erroneous conclusion
of law, will not be reversed for an abuse of discretion if the judgment is
sustainable for any reason.  Buller, 806 S.W.2d at 226.  A trial court does not abuse its discretion if
there is some evidence of a substantive and probative character to support the
decision.  Tanner, 274 S.W.3d at 321–22. 
Driver’s points of error question whether there was “some evidence”
supporting the trial court’s conclusion that Conley did not “abandon his
homestead Property.”  

            All parties
agree that the property in question was the homestead of Conley at some
point.  “Once acquired, homestead rights
are not easily lost.  Property may lose
its homestead character only by the claimant’s death, abandonment, or
alienation.”  Duran v. Henderson, 71 S.W.3d 833, 842 (Tex. App.—Texarkana 2002,
pet. denied).  Driver argues that Conley’s
incarceration constituted an abandonment of his homestead.  “Abandonment of a homestead requires both the
cessation or discontinuance of use of the property as a homestead, coupled with
the intent to permanently abandon the homestead.”  Womack
v. Redden, 846 S.W.2d 5, 7 (Tex. App.—Texarkana 1992, writ denied).  Evidence relied on as establishing “abandonment
of a homestead must make it undeniably clear that there has been a total
abandonment with an intention not to return and claim the exemption.”  Id.

            Driver’s
first argument is that Conley’s homestead was abandoned due to his long-term
imprisonment.  Driver had the burden of
proving abandonment with legally and factually sufficient evidence.  Florey,
212 S.W.3d at 446.  Conley was married
and divorced several times.  The home was
purchased as his separate property in 1985. 
He testified, “I’ve lived there ever since.  I have supported it fully.  I have not abandoned it or anything of that
type . . . .  I have never left my home
with the intention of not going back.” 
Records from the appraisal district list the property as Conley’s
homestead.  On advice of counsel, Conley
filed for bankruptcy after the civil judgment in Driver’s favor.  He declared the property as his homestead in
that bankruptcy.  Conley’s responses to
discovery establish that his books and records are still kept at his home and
that his daughter lived in the home from time to time.[4]  Conley testified he planned on living in the
home on his release from incarceration.

            Abandonment
of a homestead must be voluntary.  Id. at 444 (citing King v. Harter, 70 Tex. 579, 8 S.W. 308, 309 (1888)).  “An act of necessity is not a voluntary
abandonment of the homestead.”  R.B. Spencer Co. v. Green, 203 S.W.2d
957, 959 (Tex. Civ. App.—El Paso 1947, no writ).  While Conley voluntarily committed the crime,
he did not voluntarily change his residence. 
A homestead is not abandoned merely because a person does not occupy the
home during a prison sentence.  Florey, 212 S.W.3d at 447.  We conclude that there was some evidence to
support the trial court’s finding that Conley’s homestead was not abandoned.

            Driver did
not attempt to contest Conley’s claims that he considered the home as homestead
and planned to return to it when released from incarceration.  Instead, Driver complained that “immediate
transfer of [nonexempt] property” to pay legal fees was conducted in bad faith
with the design of keeping Driver from collecting on her judgment.  We are unsure of how transfer of nonexempt
property to pay legal fees could affect Conley’s homestead status.  The trial court’s finding of fact was that
nonexempt property was transferred to pay legal fees and was not conducted in
bad faith.  We will not disturb this
finding, which has no bearing on the issue of abandonment of homestead.[5]

            Driver next
argued that the filing of a “sham bankruptcy” recommended to Conley by counsel,
coupled with his assertion that he may have been married according to common law,
suggested that Conley “should be stopped from making such an exemption claim.”[6]  The trial court found, based on Conley’s
uncontested testimony, that bankruptcy was filed on advice of counsel and that
Conley was unsure of the status of his relationship with Moncoda.  Again, Driver’s contentions and the evidence
presented to support them did not establish that Conley abandoned his homestead
and voluntarily left without intention to return.

            Because
there was some evidence supporting the trial court’s denial of Driver’s motion
for turnover, we overrule Driver’s remaining points of error.

 

 

 

 

 

 

 

 

 

            We affirm the trial court’s
judgment.

 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          July
27, 2010

Date Decided:             August
11, 2010











[1]Conley
was convicted of two counts of aggravated sexual assault, three counts of
sexual assault, and four counts of indecency with a child.  He was sentenced to thirty-five years’
incarceration on both counts of aggravated sexual assault and twenty years’
incarceration on all remaining counts, all to be served concurrently. 

 





[2]To
try to collect on the judgment, Driver filed with the trial court a motion for
turnover order asking the court to order Conley to turn over his home and lot along
with other unimproved lots, all in Harrison County.  While the trial court ordered turnover of the
unimproved lots, it agreed with Conley that the property containing his home
remained his homestead.  

 





[3]Driver
also claims that Conley was improperly bench warranted to allow for his
presence at the turnover hearing.  We do
not address the merits of that claim because that issue was waived.  “As a prerequisite to presenting a complaint
for appellate review, the record must show that” a “complaint was made to the
trial court by a timely request, objection, or motion.”  Tex. R. App. P. 33.1.  “A ‘timely’ objection is one interposed at a
point in the proceedings which gives the trial court the opportunity to cure
any alleged error.”  Solomon v. Steitler, 312 S.W.3d 46, 58 (Tex. App.—Texarkana 2010,
no pet.).  Moreover, “a party will not be
allowed to complain on appeal of an action or ruling which she invited or
induced.” Boufaissal v. Boufaissal,
251 S.W.3d 160, 162 (Tex. App.—Dallas 2008, no pet.).  

                At
an earlier attempted hearing on the turnover motion, the question of notice to
Conley was addressed.  After a short
discussion, the trial court suggested, “[L]et’s . . . see whether or not we can
bench warrant [Conley] back” for the hearing. 
Driver’s counsel replied, “Okay. 
That would certainly be easier for me, because I don’t represent
him.”  At the hearing, counsel agreed to,
and did, send a letter to Conley advising him that the court was issuing a
bench warrant for his appearance at the next hearing date.  No objection to the court’s decision to issue
a bench warrant was made.  Only after the
trial court ruled Conley was entitled to exercise his homestead exemption did
Driver’s counsel file a motion to reconsider, raising an objection to the
issuance of the bench warrant for the first time.  This point of error was waived.  It is also worth noting that issuing a bench
warrant is a matter within the discretion of the trial court.  See In re
Z.L.T., 124 S.W.3d 163, 164 (Tex. 2003).





[4]We
also note that a major point of contention in this case was Conley’s claim that
he was common-law married to Marta Moncoda.  
The Constitution currently provides that “[a]n owner or claimant of the
property claimed as homestead may not sell or abandon the homestead without the
consent of each owner and the spouse of each owner.”  Tex.
Const. art. XVI, § 50(b).  Because
Conley could make his homestead claim as a single adult, we need not address
the issue of whether he was common-law married.





[5]In
any event, “it is well settled that a conveyance of exempt property may not be attacked on the ground that it was made
in fraud of creditors.”  Duran, 71 S.W.3d at 842–43 (emphasis
added).

 





[6]For
the first time on appeal, Driver contends Conley has “unclean hands” because
“[i]t is unconscionable for a party to claim the benefit of a homestead
exemption while using the very home at issue to commit sexual assaults of a
minor.”  This issue was not presented to
the trial court, and we need not consider it.