

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00004-CV

_____

GIANNA DRIVER, Appellant

V.

JAMES G. CONLEY, SR., Appellee

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 01-0416

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

OPINION

James G. Conley, Sr., has previously been convicted of, and is serving time for, sexual assaults against Gianna Driver.[1]  For those torts, Driver obtained a civil money judgment against Conley.  As part of Driver's efforts to collect that judgment, she appeals from the denial of her request for a turnover order[2] on a house and lot that Conley claims as his homestead.  Driver argues that "someone who intentionally commits criminal acts of sexual assault within a home against a minor child may [not] be entitled to claim continuing homestead exemption" since "imprisonment in a new residence" should be deemed abandonment of homestead.  Because we hold that Conley's imprisonment for his crimes does not constitute abandonment of his homestead, we affirm the trial court's denial of Driver's request for a turnover order concerning the house and lot in question.[3]

---

[1] Conley was convicted of two counts of aggravated sexual assault, three counts of sexual assault, and four counts of indecency with a child.  He was sentenced to thirty-five years' incarceration on both counts of aggravated sexual assault and twenty years' incarceration on all remaining counts, all to be served concurrently.

[2] To try to collect on the judgment, Driver filed with the trial court a motion for turnover order asking the court to order Conley to turn over his home and lot along with other unimproved lots, all in Harrison County.  While the trial court ordered turnover of the unimproved lots, it agreed with Conley that the property containing his home remained his homestead.

[3] Driver also claims that Conley was improperly bench warranted to allow for his presence at the turnover hearing.  We do not address the merits of that claim because that issue was waived.  "As a prerequisite to presenting a complaint for appellate review, the record must show that" a "complaint was made to the trial court by a timely request, objection, or motion."  TEX. R. APP. P. 33.1.  "A 'timely' objection is one interposed at a point in the proceedings which gives the trial court the opportunity to cure any alleged error."  *Solomon v. Steitler*, 312 S.W.3d 46, 58 (Tex. App.—Texarkana 2010, no pet.).  Moreover, "a party will not be allowed to complain on appeal of an action or ruling which she invited or induced."  *Boufaissal v. Boufaissal*, 251 S.W.3d 160, 162 (Tex. App.—Dallas 2008, no pet.).

At an earlier attempted hearing on the turnover motion, the question of notice to Conley was addressed.  After a short discussion, the trial court suggested, "[L]et's . . . see whether or not we can bench warrant [Conley] back"

2

"Homestead rights have historically enjoyed great protection in our jurisprudence." *Florey v. Estate of McConnell*, 212 S.W.3d 439, 443 (Tex. App.—Austin 2006, pet. denied) (prisoner who murdered his wife was entitled to claim homestead exemption). Our Texas Constitution provides that "[t]he homestead of . . . a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts" not specifically enumerated within. TEX. CONST. art. XVI, § 50. Homestead rights are liberally construed to prevent citizens from losing their homes. *Florey*, 212 S.W.3d at 443. The party seeking a turnover order must prove that the property is not exempt. *Hanif v. Clarksville Oil & Gas Co.*, No. 06-09-00110-CV, 2010 WL 2105936, at *3 (Tex. App.—Texarkana May 27, 2010, no pet.) (mem. op.); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a)(2), (b)(1) (Vernon 2008); *Tanner v. McCarthy*, 274 S.W.3d 311, 322 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

We review the granting or denial of a turnover order for an abuse of discretion. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Tanner*, 274 S.W.3d at 320. A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex. 1985). A trial court's issuance of a turnover order, even if predicated on an erroneous conclusion of law, will not be reversed for an abuse of discretion if the

---

for the hearing. Driver's counsel replied, "Okay. That would certainly be easier for me, because I don't represent him." At the hearing, counsel agreed to, and did, send a letter to Conley advising him that the court was issuing a bench warrant for his appearance at the next hearing date. No objection to the court's decision to issue a bench warrant was made. Only after the trial court ruled Conley was entitled to exercise his homestead exemption did Driver's counsel file a motion to reconsider, raising an objection to the issuance of the bench warrant for the first time. This point of error was waived. It is also worth noting that issuing a bench warrant is a matter within the discretion of the trial court. *See In re Z.L.T.*, 124 S.W.3d 163, 164 (Tex. 2003).

judgment is sustainable for any reason. *Buller*, 806 S.W.2d at 226. A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Tanner*, 274 S.W.3d at 321–22. Driver's points of error question whether there was "some evidence" supporting the trial court's conclusion that Conley did not "abandon his homestead Property."

All parties agree that the property in question was the homestead of Conley at some point. "Once acquired, homestead rights are not easily lost. Property may lose its homestead character only by the claimant's death, abandonment, or alienation." *Duran v. Henderson*, 71 S.W.3d 833, 842 (Tex. App.—Texarkana 2002, pet. denied). Driver argues that Conley's incarceration constituted an abandonment of his homestead. "Abandonment of a homestead requires both the cessation or discontinuance of use of the property as a homestead, coupled with the intent to permanently abandon the homestead." *Womack v. Redden*, 846 S.W.2d 5, 7 (Tex. App.—Texarkana 1992, writ denied). Evidence relied on as establishing "abandonment of a homestead must make it undeniably clear that there has been a total abandonment with an intention not to return and claim the exemption." *Id.*

Driver's first argument is that Conley's homestead was abandoned due to his long-term imprisonment. Driver had the burden of proving abandonment with legally and factually sufficient evidence. *Florey*, 212 S.W.3d at 446. Conley was married and divorced several times. The home was purchased as his separate property in 1985. He testified, "I've lived there

4

ever since. I have supported it fully. I have not abandoned it or anything of that type . . . . I have never left my home with the intention of not going back." Records from the appraisal district list the property as Conley's homestead. On advice of counsel, Conley filed for bankruptcy after the civil judgment in Driver's favor. He declared the property as his homestead in that bankruptcy. Conley's responses to discovery establish that his books and records are still kept at his home and that his daughter lived in the home from time to time.[4] Conley testified he planned on living in the home on his release from incarceration.

Abandonment of a homestead must be voluntary. *Id.* at 444 (citing *King v. Harter*, 70 Tex. 579, 8 S.W. 308, 309 (1888)). "An act of necessity is not a voluntary abandonment of the homestead." *R.B. Spencer Co. v. Green*, 203 S.W.2d 957, 959 (Tex. Civ. App.—El Paso 1947, no writ). While Conley voluntarily committed the crime, he did not voluntarily change his residence. A homestead is not abandoned merely because a person does not occupy the home during a prison sentence. *Florey*, 212 S.W.3d at 447. We conclude that there was some evidence to support the trial court's finding that Conley's homestead was not abandoned.

Driver did not attempt to contest Conley's claims that he considered the home as homestead and planned to return to it when released from incarceration. Instead, Driver complained that "immediate transfer of [nonexempt] property" to pay legal fees was conducted in

---

[4]We also note that a major point of contention in this case was Conley's claim that he was common-law married to Marta Moncoda. The Constitution currently provides that "[a]n owner or claimant of the property claimed as homestead may not sell or abandon the homestead without the consent of each owner and the spouse of each owner." TEX. CONST. art. XVI, § 50(b). Because Conley could make his homestead claim as a single adult, we need not address the issue of whether he was common-law married.

bad faith with the design of keeping Driver from collecting on her judgment. We are unsure of how transfer of nonexempt property to pay legal fees could affect Conley's homestead status. The trial court's finding of fact was that nonexempt property was transferred to pay legal fees and was not conducted in bad faith. We will not disturb this finding, which has no bearing on the issue of abandonment of homestead.[5]

Driver next argued that the filing of a "sham bankruptcy" recommended to Conley by counsel, coupled with his assertion that he may have been married according to common law, suggested that Conley "should be stopped from making such an exemption claim."[6] The trial court found, based on Conley's uncontested testimony, that bankruptcy was filed on advice of counsel and that Conley was unsure of the status of his relationship with Moncoda. Again, Driver's contentions and the evidence presented to support them did not establish that Conley abandoned his homestead and voluntarily left without intention to return.

Because there was some evidence supporting the trial court's denial of Driver's motion for turnover, we overrule Driver's remaining points of error.

---

[5]In any event, "it is well settled that a conveyance of *exempt* property may not be attacked on the ground that it was made in fraud of creditors." *Duran*, 71 S.W.3d at 842–43 (emphasis added).

[6]For the first time on appeal, Driver contends Conley has "unclean hands" because "[i]t is unconscionable for a party to claim the benefit of a homestead exemption while using the very home at issue to commit sexual assaults of a minor." This issue was not presented to the trial court, and we need not consider it.

6

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     July 27, 2010
Date Decided:       August 11, 2010