**In the Matter of Marilyn McKEITHAN, Debtor.**

**Bradford M. Condit, Appellant**

v.

**Marilyn McKeithan, Appellee.**

**No. 11–41305 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 21, 2012.

---

**14.** *See* Fed.R.Civ.P. 56(c).

Bradford M. Condit, Corpus Christi, TX, pro se.

Harry Gordon Mosley, Tyler, TX, for Appellee.

Before WIENER, ELROD, and GRAVES, Circuit Judges.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

## PER CURIAM: *

In 2009, Appellee Marilyn McKeithan filed for Chapter 7 bankruptcy and claimed a homestead exemption for real property located in Corpus Christi, Texas. Appellant Bradford Condit, a creditor and party-in-interest in McKeithan's bankruptcy proceeding, objected to the homestead exemption, contending McKeithan had abandoned her homestead interest by leaving Corpus Christi in 2002 to live with her daughter in other cities. After conducting a hearing and receiving briefs on the matter, the bankruptcy court overruled Condit's objection, finding insufficient evidence that McKeithan vacated the Corpus Christi home with the intent to abandon it as her homestead. Condit appealed the decision of the bankruptcy court to the district court. The district court affirmed the bankruptcy court's finding. This timely appeal followed.

"This court reviews the decision of a district court, sitting as an appellate court, by applying the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court." *In re Scopac,* 624 F.3d 274, 279–80 (5th Cir.2010). The factual findings of the bankruptcy court are reviewed for clear error and its conclusions of law are reviewed de novo. *Id.* at 280. Whether a homestead has been abandoned is a finding of fact. *Kendall Builders, Inc. v. Chesson,* 149 S.W.3d 796, 807–08 (Tex. App.-Austin 2004, pet. denied). Thus, under review for clear error, we will reverse the district court only if we have "the definite and firm conviction that a mistake has been made." *Scopac,* 624 F.3d at 280.

Property that has been designated as homestead will not lose that status unless abandonment, death, or alienation occurs.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Majeski v. Estate of Majeski,* 163 S.W.3d 102, 107 (Tex.App.-Austin 2005, no pet.). In order to establish abandonment, there must be "both the cessation or discontinuance of use of the property as a homestead, coupled with the intent to permanently abandon the homestead." *Driver v. Conley,* 320 S.W.3d 516, 519 (Tex.App.-Texarkana 2010, pet. denied). Evidence establishing abandonment of a homestead "must be undeniably clear" and must show "beyond almost the shadow, at least [of] all reasonable ground of dispute, that there has been a total abandonment with an intention not to return and claim the exemption." *Burkhardt v. Lieberman,* 138 Tex. 409, 159 S.W.2d 847, 852 (1942) (alteration in original) (internal quotation marks omitted). A party asserting abandonment of a homestead has the burden of proving it. *Sullivan v. Barnett,* 471 S.W.2d 39, 43 (Tex.1971).

The record supports the district court's affirming as not clearly erroneous the bankruptcy court's finding that McKeithan had not abandoned her homestead property. For the past nine years, McKeithan has resided with her daughter, her only child, in Baton Rouge, Louisiana, and Tyler, Texas. At the end of 2002, while visiting her daughter in Baton Rouge, McKeithan became seriously ill. McKeithan's medical condition worsened, and in February 2003, doctors in Baton Rouge performed emergency surgery to repair a hole in her colon. McKeithan remained in Baton Rouge during recovery from surgery, with her doctors in that city and her daughter her primary care-taker. McKeithan had follow-up surgery in Baton Rouge during the fall of 2003. In December 2003, McKeithan's father passed away. In January 2004, McKeithan injured her shoulder, forcing her to become more dependent on her daughter. Starting in 2005, McKeithan became embroiled in a legal dispute, arising from a real estate transaction (commercial property in Corpus Christi unrelated to her homestead). McKeithan's daughter testified that the legal dispute greatly burdened her mother, eventually causing her to file for bankruptcy. In 2006, McKeithan's daughter moved to Tyler, and McKeithan accompanied her in the move. In 2008, McKeithan and her daughter were involved in a car accident during one of their regular trips back to Corpus Christi to check on McKeithan's home. McKeithan sustained injuries from the accident, and her car was damaged beyond repair. McKeithan's daughter testified that during the above-described period, she has been McKeithan's full-time care-taker, and that McKeithan could not have lived alone.

McKeithan testified that despite residing with her daughter, she has always aimed at returning to her Corpus Christi home. She has kept the house's utilities, taxes, and insurance up to date, pays for monthly yard care, and keeps active a land-line telephone account. Moreover, other than certain clothing and personal items, McKeithan has left the Corpus Christi house as it was before she began residing with her daughter. And although her daughter has urged her to sell the Corpus Christi house, McKeithan has refused, citing her desire to return to it. Finally, McKeithan has not taken part in paying for the Baton Rouge and Tyler houses, those houses being entirely paid for by her daughter.

Condit emphasizes the many instances since 2002 in which McKeithan has listed her daughter's address as her own address. For example, McKeithan has used her daughter's address as her mailing address and as the address listed on her drivers license. Nevertheless, it was not clearly erroneous for the bankruptcy court to find that McKeithan's use of her daughter's address was insufficient to show be-

yond reasonable dispute—as required—that she had permanently abandoned her homestead. As McKeithan contends, it is equally plausible that she used her daughter's address only because she wanted to ensure that important correspondence reached her. Furthermore, the use of her daughter's address as evidence McKeithan abandon her homestead is made even weaker when viewed in the light of the evidence listed above. Rather than showing an intent to permanently relocate, that evidence indicates that McKeithan has resided with her daughter because she has gone through a series of personal trials and has needed her daughter's full-time assistance.

Therefore, because Condit has not shown that the bankruptcy court clearly erred in finding that McKeithan had not abandoned her homestead, the district court's affirmance of the bankruptcy court is AFFIRMED.