

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00032-CV
_____

IN RE:  JAMES G. CONLEY, SR.

Original Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

James G. Conley, Sr., seeks to have this Court enter an order directing the Honorable Brad Morin, Judge of the 71st Judicial District Court of Harrison County, to reconsider his determination that Conley's house could be sold as partial payment for a debt unrelated to the property. Conley successfully made this argument in 2009 in a case with facts that he states in this petition are identical to those alleged in the present lawsuit. The 2009 judgment was affirmed by this Court in *Driver v. Conley*, 320 S.W.3d 516 (Tex. App.—Texarkana 2010, pet. denied).

Conley states that the same plaintiff refiled the same lawsuit (in front of a different district judge) and fast tracked it "through the Courts without giving me the proper notification . . . which would have enabled me to defend myself." Although not clearly requested, we note this document is effectively a request for an injunction or writ of prohibition to prevent the district court from proceeding with a matter which had already been decided by this Court.

This Court has jurisdiction to issue writs of prohibition to protect its jurisdiction, including preventing interference with a pending appeal. TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.221 (West 2004). The purpose of a writ of prohibition is to protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of a superior court's orders and judgments. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680 (Tex. 1989) (orig. proceeding); *Sivley v. Sivley*, 972 S.W.2d 850, 862–63 (Tex. App.—Tyler 1998, orig. proceeding). If there is an adequate remedy by appeal, a writ of prohibition is not appropriate.

2

*Holloway*, 767 S.W.2d at 684; *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 404 (Tex. App.—Tyler 2006, orig. proceeding).

Conley's petition is quite concise.[1] However, he has failed to provide this Court with any record to support the complaints contained in that petition. It is the relator's burden to provide this Court with a sufficient record to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3. The letter petition included no attachments of any kind, and it is impossible to determine if the actions of the district court in this case have so impinged on the authority of this Court that a writ of prohibition is appropriate.[2] Conley's petition contains neither an appendix nor any other attempt to provide a record for our review. Without some form of record, we are unable to grant the extraordinary relief he has requested.

To the extent this may also be considered a request for a writ of mandamus, we note that we may issue a mandamus only when the mandamus record establishes both (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Walker*, 827 S.W.2d at 839–40; *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

---

[1] The document is a letter asking for relief. It is not a document entitled as a formal petition. It is axiomatic that we are to look to the actual content of a document to determine its nature, and we do so in this instance.

[2] *See* TEX. R. APP. P. 52.3(k)(1).

3

From Conley's statements, it is not clear that a judgment or turnover order exists at this time, but, if so, review by appeal would be available. Due to the lack of any supporting documentation, it is also not clear whether he has brought his position to the attention of the trial court or whether the actual situation that exists is one that is in conflict with the prior decision of this Court.

We deny the petition.


Josh R. Morriss, III
Chief Justice


Date Submitted: April 24, 2013
Date Decided: April 25, 2013

4